Taft, J.
The instant casé represents a good example of the
difficulty that a “person adversely affected by a decision” of a township board of zoning appeals would usually have in exercising his statutory right to appeal from such decision pursuant to the provisions of Section 519.15, Revised Code, at least prior to September 16, 1957, when Section 2506.03, Revised Code, became effective.
In acting upon such an appeal, the Common Pleas Court is undoubtedly limited to those matters disclosed by the record and those of which it can take judicial notice. It is doubtful whether in the instant case any evidence, in addition to that disclosed by the record taken before the board of zoning appeals, could have been offered in the Common Pleas Court. See 1 *117 Ohio Jurisprudence (2d), 601, Section 207. In any event, there is nothing to indicate that any such evidence was offered.
Probably, because the appellant realized that the board of zoning appeals was familiar with the township zoning ordinance and could readily go out and view the premises in the neighborhood involved, it did not run the risk of irritating that board by introducing into evidence the provisions of that resolution and offering as much evidence as should have been presented with respect to the premises and neighborhood involved. At the hearing before this court, a copy of the zoning resolution was produced and both parties agreed that it is a true copy and can be so regarded by the court. Hence, we believe we may overlook its absence from the record as it was undoubtedly considered, to the extent necessary, by both the courts below. However, although much was said in the briefs and arguments about the remote location of the premises involved and the uninhabited character of adjoining property, there is nothing definite in the record with respect to those facts and we cannot take judicial notice of them.
Although several other questions were «apparently raised by appellant in the courts below, only two are argued by brief and therefore only those two will be considered on this appeal. Section 2505.21, Revised Code.
It is first argued that the zoning inspector erred in refusing the application for a use permit because a building was not shown on the attached map of the area. By what it said and did not say in its decision, the board of zoning appeals appar ently indicated agreement with this argument. Thus, it sustained the inspector, not for the reason which he gave but for the reason that “the proposed uses set forth in the application are not uses permitted in an R district as provided for in section IV R district (residential) of the * * * zoning resolution.” That portion of that- resolution provides that certain specified “uses and no other shall be deemed class R uses and permitted in” an R district. The uses for which appellant sought a permit, i. e., uses as a “recreation area for polo, trap and skeet shooting” were not uses specified and hence by the words of the resolution would not be “permitted.”
Nothing in the zoning resolution gives the inspector any *118 authority to give a use permit in such a situation. Hence, if the zoning resolution is valid, the zoning inspector did not err in refusing the permit even though he did so for the wrong reason.
As we view it, the second argument of appellant may be restated as being in effect an argument that the board of zoning appeals erred in its decision because either (a) the proposed uses are permitted by the zoning resolution in an R district, (b) this is a proper case for a variance or (c) to the extent that it authorizes the board to refuse to give a permit to appellant for these uses of this land, the zoning resolution is invalid.
As we have hereinbefore indicated, we do not believe that the zoning resolution by its terms does permit these uses in an R district.
However, Section 519.14, Revised Code, reads in part:
“The township board of zoning appeals may:
< i * # #
“ (B)-Authorize, upon appeal, in specific cases, such variance from the terms of the zoning resolution as will not be contrary to the publiG, interest, where, owing to special conditions, a literal enforcement of the resolution will result in unnecessary hardship, and so that the spirit of the resolution shall be observed and substantia] justice done.”
Almost identical provisions are contained in section XX of the Mentor Township zoning ordinance.
Ordinarily, the question of whether a variance should or should not be authorized in a specific case is a matter within the sound discretion of the board of zoning appeals. However, the Common Pleas Court is given authority to reverse a decision of the board with respect to such a matter on a finding that the decision is “unreasonable.” Section 519.15, Revised Code. Although the journal entries of the Common Pleas Court and of the Court of Appeals in the instant case indicate that those courts apparently considered it necessary to find an “abuse of discretion” of the board of zoning appeals as the basis for a reversal of the board’s decision on such a discretionary matter, the statutory language indicates no necessity for finding any more than an “unreasonable” exercise of that discretion.
It may be observed that the uses expressly permitted in an *119 R district include recreational uses and even those under private auspices. Among the uses specifically “permitted” in such a district are a “publicly owned park, golf course, publicly owned playground # * and places for the disposal of sewage or garbage when operated by or for the board of township trustees.” This court can take judicial notice of the fact that golf courses are frequently privately owned and operated. There is nothing in the language of the zoning resolution to indicate that only use for a public “golf course” is permitted. On the contrary, where public ownership of certain recreational facilities is contemplated, the resolution so states, as with respect to a “park” and a “playground.” Also, where operation by some public authority is contemplated, the resolution so states, as with respect to “places for the disposal of sewage or garbage.”
Polo and golf do involve different recreational activities. However, the only reason advanced as to why it is reasonable to prohibit polo but not a golf course in an R district is that the use of the premises for polo will necessarily involve their use for the keeping of horses and that, since a keeping of horses on' the premises may involve “noxious odors of horses, insects, flies, loud noises, shouts, auto horns and stomping horses” and thus destroy the comfort and safety of persons owning and occupying adjoining property, it is a use of premises that may. within the proper exercise of the police power, be prohibited by zoning regulations. If we assume that this reason is sound, we are still confronted with what appear to us to be insurmountable legislative obstacles limiting the authority of Mentor Township to provide by any zoning resolution against a use of premises for the keeping of horses. See Yorkavitz v. Board of Township Trustees of Columbia Township, 166 Ohio St., 349. 142 N. E. (2d), 655.
Thus, in Section 519.21, Revised Code, it is specifically stated that the statutes authorizing township zoning “confer no power * * * to prohibit the use of any land for agricultural purposes.” In Section 519.01, Revised Code, it is stated that “ ‘agriculture’ includes * * * animal * * * husbandry.”
In Webster’s New International Dictionary (2 Ed.) “animal husbandry” is defined as “the branch of agriculture which *120 is concerned with farm animals, esp. as regards breeding, judging, care and production,” and an “animal husbandman” is defined as “one who keeps or tends livestock.”
By concluding that a township zoning ordinance may not prevent the use of land for the keeping of horses even in a residential district, we do not mean to suggest that the keeping of horses in such a district may not, on the facts of a particular case, be a nuisance and subject to injunction as such. That question is not before us.
In the instant case, there is no evidence that it would be “contrary to the public interest” to authorize a variance so as to permit use of appellant’s premises as a recreation area for polo, and such use would appear to accord with the spirit of the resolution. Certainly, if appellant is not permitted to so use its land, that will be a “hardship” upon appellant. It is difficult for us to see any “necessity” for the imposition of that hardship with respect to such a large parcel of land as is involved in the instant case. The prevention of use of that land as a recreation area for polo could hardly have any more relationship to the health, morals, safety and welfare of the public than the prevention of its use for a “golf course,” except perhaps in preventing a use for the keeping of horses which is a use that the township is expressly prohibited from preventing by its zoning resolution.
However, on the record before us, we do not believe that the courts below would have been justified in finding that the board was • unreasonable in not authorizing a variance that would permit use of these premises for “trap and skeet shooting.” The record discloses that these uses would involve the shooting of shotguns. The shooting of shotguns would ordinarily appear to be a use that could be prohibited in a residential neighborhood in the proper exercise of the police power.
Some of the aerial photographs exhibited to this court at the argument of this case and the statements and answers to questions then given by appellant with respect to locations of dwellings in the neighborhood involved indicated that the premises involved are so remote from any human habitation as to make a prohibition of use thereof for trap and skeet shooting questionable. Cf. East Fairfield Coal Co. v. Booth, Zoning *121 Inspr., 166 Ohio St., 379, 143 N. E. (2d), 309. However, those photographs and evidence of the facts indicated by those statements and answers to questions do not appear in the record. On the record before it and before us, it is our opinion that the decision of the board of zoning appeals with respect to use of these premises for trap and sheet shooting cannot be considered as unreasonable and that, so far as the zoning resolution is applicable to prevent such use of these premises, it is not invalid.
In opposition to this appeal, it is also argued that, the application was properly refused because it did not indicate a plot plan for proposed or contemplated buildings.
In Section 519.02, Revised Code, it is provided that the township trustees “may regulate by resolution * * * the uses of land for trade, industry, residence, recreation, or other purposes.” By Section 519.16, Revised Code, “for the purpose of enforcing the zoning regulations, the board * * * may provide for a system of zoning certificates,” and by Section 519.23, Revised Code, “no land shall be used in violation of any resolution. ’ ’
By section XIX of the Mentor Township zoning ordinance, “before * * * changing the use of any premises, application shall be made to the township zoning inspector for a zoning certificate and such zoning certificate obtained.” Although that section goes on to state that “the application shall indicate the exact location of the proposed construction, alteration or change of use and shall include a plot plan showing the proposed location and dimensions, height of building and the proposed use,” it is apparent that the words of the resolution require a zoning certificate for a change in the use of land to a use not requiring any buildings at all. As we interpret the “application for zoning certificate” involved in the instant case, that is what was applied for. Confusion was apparently generated by use of the printed form of the township which, in the paragraph, numbered 6 after the printed words, “buildings: use,” apparently called for some answer which was given as “contemplated shed for housing trap and stables for horses in future.” In our opinion, a reasonable reading of the application as a whole indicates that it is an application for permission to use the premises as a recreation area for polo, trap and skeet shooting and not *122 au application to construct or alter any buildings. That being ho, it was not necessary to show on any plot plan any proposed or contemplated buildings and the plot plan attached is sufficient because it does show the area to be used for those recreational purposes.
In our opinion appellant’s application for a zoning certificate should have been approved by the board of zoning appeals to the extent that it requests permission for the use of these premises as a recreation area for polo, and the decision of the board of zoning appeals in refusing to approve it to that extent is unreasonable and should be reversed.
The judgment of the Court of Appeals is therefore reversed and the cause is remanded to the board of zoning appeals for further proceedings in accordance with this opinion.

Judgment reversed.

Zimmerman, Stewart, Bell and Herbert, JJ., concur.
Weygandt, C. J., and Matthias, J., dissent.